UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond S.L. Cooper, ) | C/A No. 4:16-1558-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Charles W. Cooper, ) | |
| *Co-Trustee of Willie Dave Cooper, Sr.* ) | |
| *Testamentary Trust,* ) | |
| Dorothy C. Huff, ) | |
| *Co-Trustee of Willie Dave Cooper, Sr.* ) | |
| *Testamentary Trust,* ) | |
| Willie Dave Cooper Sr. Testamentary Trust, ) | |
| ) | |
| Defendants. ) | |

_____

This is a civil action filed by a *pro se* litigant. Plaintiff has paid the applicable filing fee. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court.

On June 9, 2016, the court entered an order giving Plaintiff twenty-one days to bring the case into proper form for service and to answer Local Rule 26.01 Interrogatories. On July 15, 2016, the court entered an order giving Plaintiff twenty-one days to bring the case into proper form and answer special interrogatories. Plaintiff complied with the July Order and the case is now in proper form. After review, and for the reasons set forth herein, the Complaint in this action should be summarily dismissed for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of

Plaintiff's *pro se* complaint filed in this case. This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.). Moreover, even when the filing fee is paid, the court possesses the inherent authority to ensure that a plaintiff has standing, that federal jurisdiction exists, and that a case is not frivolous. *Ross v. Baron*, 493 Fed. Appx. 405, 406 (4th Cir. 2012)(per curiam).

## **DISCUSSION**

Plaintiff's initial Complaint (not on a Complaint form) stated that he was filing this action "for the vindication of his constitutional property rights pursuant to 42 U.S.C § 1983." ECF No. 1 at 1. The Plaintiff essentially alleges that his father, Willie Dave Cooper, Sr., died and his will created a testamentary trust. Plaintiff alleges that the property which the state probate court declared

2

as assets of the trust were in fact assets of a verbal partnership between Plaintiff and his father. Plaintiff's Complaint Form states jurisdiction arises from "impairment of contracts under color of state law 42 U.S.C. § 1981." ECF No 1-1 at 3. Plaintiff seeks return of the property. In Plaintiff's answers to the court's special interrogatories, Plaintiff indicated that he is attempting to appeal a state probate matter in federal court.

Plaintiff's allegations, whether based in § 1983 or § 1981, are subject to summary dismissal for failure to state a claim upon which relief may be granted. To the extent Plaintiff's claim is an appeal of a state court action, this federal district court is without subject matter jurisdiction.

1. Section 1981

To pursue a claim under 42 U.S.C. § 1981, Plaintiff must prove that defendants "intended to discriminate [against the Plaintiff] on the basis of [his] race, and that discrimination interfered with a contractual interest." *Denny v. Elizabeth Arden Salons, Inc.*, 456 F.3d 42, 434 (4th Cir. 2006). The specific function of § 1981 is to protect "the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) (citing 42 U.S.C. § 1981(a)). However, a plaintiff's complaint in a § 1981 cause of action is required to allege several elements. *See Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir.2001). No where in Plaintiff's Complaint, answers to Local Rule 26.01 interrogatories, or answers to special interrogatories, does Plaintiff indicate that he is a member of any protected class/group. As Plaintiff's Complaint provides insufficient facts to allege a claim of discrimination under § 1981, any such claim he may be attempting to raise under § 1981 is subject to summary dismissal.

3

2. Section 1983

Additionally, Plaintiff alleges to bring this action pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges a claim essentially against his siblings who are trustees of his deceased father's trust and against the trust itself. The trust resulted from state probate court proceedings. Defendants are not state actors and Plaintiff's answers to this court's special interrogatories indicate none of the defendants are state employees or public officials. To implicate 42 U.S.C. § 1983, conduct must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). To become state action, private action must have a "sufficiently close nexus" with the state that the private action "may be fairly treated as that of the State itself." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)(internal citation and quotation omitted). There is no nexus to state action here, as there is no state action by a state actor alleged here. To the extent any liberal reading of the Complaint alleges any state action by the probate court, the doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump*

4

*v. Sparkman*, 435 U.S. 349, 359 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir.1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985).

The Complaint does not allege state action by the defendants for § 1983 purposes and the defendants are subject to summary dismissal without issuance and service of process.

3. Appeal of State Court Proceedings

In addition to the above, to the extent that Plaintiff may be seeking to appeal decisions entered in previous probate court proceedings in South Carolina involving Plaintiff's deceased father's estate, he cannot appeal such decisions to this federal district court. Appeals of orders issued by lower state courts must go to a higher state court. Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951).

The United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257 (U.S. Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). In civil, criminal, and other cases heard in the courts of the State of South Carolina, appeals of state court decisions are within the jurisdiction of the South

Carolina Court of Appeals and/or the South Carolina Supreme Court. *See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).  As to any challenges Plaintiff may be making to final judgments in prior state court proceedings, the Rooker–Feldman Doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  To the extent Plaintiff claims injury caused by allegedly erroneous state court proceedings and seeks the relief of being transferred estate assets, any such state court ruling cannot be reviewed or set aside and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462.  This prohibition on review of state court proceedings by federal district courts is implicated when a ruling in the plaintiff's favor on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court.  Such a result is prohibited under the Rooker–Feldman Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719–20 (4th Cir.2006).

When considering whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149,152-153 (1908); *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113-15 (1936).  Under the Rule 8 requirements, Plaintiff has not adequately pleaded subject matter jurisdiction based on the aforementioned.

As to Plaintiff's assertions of an appeal of state court proceedings in this federal court, this court lacks subject matter jurisdiction.  Additionally, as discussed above, Plaintiff has failed to state any cognizable claims upon which relief can be granted.

6

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process*.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 25, 2016
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).